KILBURN et al. v. INGERSOLL.

(Circuit Court, D. Minnesota, Third Division. April 17, 1895.)

WORLD'S COLUMBIAN EXPOSITION— POWER TO GRANT EXCLUSIVE PRIVILEGES— PRELIMINARY INJUNCTION.

The corporation known as the World's Columbian Exposition, organized in Illinois to hold an international exposition, pursuant to the act of congress providing therefor, which received from the city of Chicago authority to inclose and control a park for the purposes of such exposition, sold to complainants the exclusive privilege of taking stereoscopic negatives of objects within such exposition, and making and selling pictures therefrom. The corporation also prescribed a rule that no person except complainants should bring within the grounds of such exposition a camera larger than 4x5 inches, and that all persons bringing such cameras within the grounds should agree, in writing, not to make stereoscopic views from the negatives taken on such 4x5-inch cameras. Complainants, upon a bill and affidavits alleging these facts, and that defendant, surreptitiously, and without the authority of the corporation, had obtained negatives, and manufactured and sold stereoscopic views, in violation of complainants' rights, applied for a preliminary injunction to restrain defendant from making or selling any stereoscopic views of objects within the exposition, and from copyrighting the same. Defendant denied that he had ever signed, or been asked to sign, any agreement not to make or sell such views, or that his negatives or views were unlawfully or surreptitiously obtained. *Held*, that a preliminary injunction should not be granted; the existence of the exclusive right claimed

by complainants and the power of the World's Columbian Exposition to grant it being matters of grave doubt, and the signature by defendant to the agreement not to make stereoscopic views not being established.

This was a suit by Benjamin W. Kilburn and James M. Davis against Truman W. Ingersoll to restrain defendant from making or selling stereoscopic views of the World's Fair. Complainants move for a preliminary injunction. Denied.

Flandrau, Squires & Cutcheon and Charles H. Aldrich, for complainants.

C. D. O'Brien and T. D. O'Brien, for defendant.

NELSON, District Judge. In this case a motion is made for a preliminary injunction on a bill and affidavits of complainants. Upon the hearing defendant files his own affidavit, but does not answer. It is sought to restrain and enjoin the defendant "from in any way manufacturing, or causing to be manufactured, or selling, or causing to be sold, or offering for sale, any stereoscopic negatives, views or pictures therefrom, of any exhibit upon or within the grounds or buildings of the World's Columbian Exposition, or any views of said ground, or any part thereof, or the buildings or exhibits therein, or having any semblance thereto, and from copyrighting any such views or photographs, without the permission and consent first obtained of the complainants herein." The bill alleges the passage of the act of congress of April 25, 1890, providing for the holding of an international exposition at Chicago, Ill.; also the organization under the laws of the state of Illinois, on the 5th of August, 1890, of a corporation known as the World's Columbian Exposition, for the accomplishment and carrying out of the objects of the exposition, and the granting to that corporation, by the city of Chicago, of Jackson Park, a public park of that city, with authority to inclose, build upon, and control the same for the purpose of there holding the exposition; that the exposition corporation took possession of Jackson Park, inclosed it with a high fence, laid out and beautified the grounds, erected buildings, and caused a large number of valuable exhibits to be placed therein, and expended in and about the exposition the sum of about $17,000,000. The bill then alleges "that it was part of the plan or scheme by which the said World's Columbian Exposition was induced to expend said large sums of money * * * to charge an admission fee therefor, and grant to persons and corporations such reasonable concessions or exclusive privileges as to it might seem just, in order that it might recoup, to some extent, its enormous expenditures"; that it was decided by the management that it would offer its stereoscopic photographic privilege to the highest bidder; that complainants bid therefor the sum of $17,000, and on payment of that amount obtained from the corporation the exclusive right or privilege to take stereoscopic negatives of objects upon or within the grounds and buildings of the corporation, and to make pictures therefrom, and to sell the same throughout the United States and foreign countries during the period of the exposition, and for 120

days after the close thereof, in accordance with the contract which is set out in the bill; that, to better protect complainants, the corporation prescribed a rule that no person should bring within the grounds a photographic outfit or camera larger than 4x5 inches, and that persons desiring to enter with a hand camera of the size mentioned should, as a preliminary condition thereto, sign an agreement as follows:

"In consideration of the privilege granted to me by the World's Columbian Exposition of taking negatives with a hand camera within the grounds of the said World's Columbian Exposition during this day, I do hereby promise and agree that I will not make, nor permit to be made, from the negatives so taken by me, any stereoscopic negatives or views, and that I will not enlarge, nor permit to be enlarged, any negatives so taken by me, for the purpose of making any such stereoscopic negative or view or semblance of stereoscopic negative or view. In witness whereof, I have signed this instrument, the date above written."

It is then averred that the defendant surreptitiously, dishonestly, and without the authority of the corporation, or any authorized agent, with full knowledge of complainants' rights, and for the purpose of defeating the same, has manufactured and sold certain stereoscopic views of photographs according to a list appended, and continues to manufacture and sell the same, whereby the rights of these complainants are infringed, and great loss is inflicted upon them. These allegations are supported by affidavits of the president and an officer of the corporation as to the making of the contract between the corporation and complainants, also averring that the gatekeepers and guards were instructed to permit no one to take stereoscopic views, or to enter with a photographic outfit, except a hand camera of 4x5 inches, and that all persons with the last-named camera were required to sign the agreement hereinbefore set out; that the negatives from which defendant's views were printed were made surreptitiously, and without the knowledge or consent of the corporation, and were printed from a 5x8 stereoscopic camera, and not from a hand camera of the size permitted to be used. Defendant in his affidavit states that, in common with others, he visited the exposition, and paid the regular admission fee, together with a special charge of $2 per day for the privilege of using a hand camera; that he never signed, nor was requested to sign, any agreement not to photograph objects or persons within the grounds, or to sell views of them; that he did take several photographs of scenes, incidents, buildings, things, and persons within the grounds; that he also purchased from other persons photographs of like character made by them, and has printed and sold copies from said negatives. He denies that he has copied any photographs taken by the complainants, or sold any copies thereof, or that he conspired or confederated with anybody to, or did, secretly and surreptitiously, take these pictures against the consent of any one, or that the same were unlawfully obtained; and avers that all the views and photographs taken by him at that time were taken with a 4x5 camera, of the kind permitted to licensees; that the camera in question was submitted to the guards at the entrance of the exposition, and found to be in accordance with the rules governing their admission.

Upon a full consideration of the case, I have come to the conclusion that the ends of justice do not require the issuance of this summary writ of injunction, for the following reasons: (1) That the existence of the exclusive right claimed by complainants under the contract is, in my opinion, a matter of grave doubt. It does not appear from the bill that the World's Columbian Exposition, by the terms of its charter from the legislature, or by its articles of incorporation, had the power to grant the exclusive privilege in question. (2) There is no showing made on the hearing that defendant signed the agreement which it is averred all persons with 4x5 cameras were required to sign. It is true the affidavits of complainants state that defendant must have obtained his views in a surreptitious manner, or by bribery, and by the use of a camera exceeding in size that permitted by the rules and regulations; but these are mere conclusions or opinions, unsupported by evidence. On the other hand, we have the positive affidavit of defendant to the contrary, in which he states that he paid the fee demanded for the privilege of using his camera, that it was inspected and passed, that he was not requested to sign or make an agreement to refrain from photographing things or persons within the grounds, and that all the views sold by him were taken with a 4x5, and not with a stereoscopic camera. Again, before a peremptory writ of injunction will issue it should clearly appear to the satisfaction of the court that the complainants' rights are certain and well determined, and that if the same are invaded serious and irreparable injury will follow. To my mind, these conditions are not fulfilled. As a question of law, I have serious doubts as to the authority of the World's Columbian Exposition to grant an exclusive privilege to complainants. As to questions of fact, defendant's affidavit is entitled to due consideration; and, while the bill alleges that great and irreparable injury will result if the injunction be not granted, I do not find proof to substantiate that claim. The motion for injunction is denied.